# EXHIBIT A

39042      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
           COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Ahmed Khaleel, individually and on behalf of those similarly situated, | ) Case No.: <br> ) <br> ) **10CH53205** <br> ) |
| Plaintiff, | ) |
| vs. | ) Jury Trial Demanded |
| THE COCA-COLA COMPANY and ENERGY BRANDS, INC. (dba GLACEAU), | ) <br> ) FILED <br> ) CH-802 <br> ) DEC 1 6 2010 |
| Defendants. | ) DOROTHY BROWN <br> ) CLERK OF THE CIRCUIT COURT <br> ) OF COOK COUNTY, IL |

### CLASS ACTION COMPLAINT

Plaintiff Ahmed Khaleel, individually and on behalf of those similarly situated ("Plaintiff") brings this Illinois class action against The Coca-Cola Company and Energy Brands, Inc. dba Glaceau (collectively "Defendants"), and allege the following:

### I.
### INTRODUCTION

1. This is a class action on behalf of Illinois consumers seeking redress for Defendants' deceptive practices in misrepresenting the dietary benefits of its product "Vitamin Water." Defendants market this product as a dietary supplement drink in violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA").

2. This is an action for damages, declaratory judgment, and injunctive relief under the ICFA. In particular, Vitamin Water's labeling and marketing is misleading because it (1) suggests that Vitamin Water contains nothing but vitamin and water; (2) portrays Vitamin Water

as healthy when it is not; and (3) deceptively conveys an overall message of purported benefits which draws attention away from the significant amount of sugar in the product.

3. Vitamin Water has been promoted as a "nutrient enhanced water beverage" which proclaims that "vitamins + water = all you need." In truth, Vitamin Water contains 33 grams of sugar.

4. To draw consumers' attention away from the harmful properties of Vitamin Water, Defendants label its products with many different health-based names like "Defense," "Energy," "Balance," "Focus," "Formula 50," "Endurance," "Charge + -," and "Multi-V."

5. The purpose of these claims is to deflect attention away from the reality that Vitamin Water is nothing more than a sugary soft drink. It is not a beneficial fortified drink.

6. Defendants' misrepresentations naturally draw attention away from the unbelievable amount of sugar contained within its products. From an objective standpoint, reasonable customers should not be forced to look beyond the misleading misrepresentation on the Defendants' labels to discover the truth from the ingredients listed in small print on the back of the label.

7. Defendants have profited from their conduct. Sales of Vitamin Water are estimated at more than half a billion dollars annually, and rising every day. Indeed, Defendants charge almost twice as much for Vitamin Water as they do for Coca-Cola Classic.

8. Vitamin Water labels are clearly deceptive. For example, its "Defense" flavor claims "if you had to use sick days because you've actually been sick then you're seriously missing out, my friends. See, the trick is to stay healthy and to use sick days to just um, not go

in. And this combination of zinc and fortifying vitamins can help out with that and keep you *healthy* as a horse. So drink up."

9. Likewise, the statement on the "B-Relaxed" flavor claims that the product "is specially formulated with [B] vitamins and theanine. The [B] vitamins are there to replace those lost during times of stress (physical or mental). Theanine is an amino acid naturally found in tea leaves and has been shown to promote feelings of relaxation. This combination can help bring about a *healthy* state of physical and mental being."

10. Such claims are in violation of FDA regulations because Vitamin Water achieves its nutritional contents solely through fortification.

## PARTIES

11. Plaintiff, Ahmed Khaleel is an adult resident citizen of Chicago, Illinois. Plaintiff relied on Defendants' false, misleading and deceptive written misrepresentations. Had Plaintiff known the truth, he would not have purchased the product or paid an inflated price. Plaintiff has purchased Vitamin Water at least once a week for the last three to four years. He usually has purchased near where he resides at either CVS or 7/11, but has also purchased it at other locations. He has purchased most all flavors offered.

12. Defendant, the Coca-Cola Company is a Delaware corporation headquartered in Atlanta, Georgia. It is one of the largest distributors, manufacturers and marketers of non-alcoholic beverage concentrates in the world. Sometime in 2007, it expanded its product line by acquiring Energy Brands, Inc., also known as Glaceau, the maker of Vitamin Water.

13. Defendant Energy Brands, Inc. (dba Glaceau) is a New York corporation and a wholly owned subsidiary of Defendant The Coca-Cola Company and is headquartered in Whitestone, New York.

14. Both Defendants sell their products throughout Illinois and otherwise do business in Illinois.

## JURISDICTION AND VENUE

15. The Court has jurisdiction under 735 ILCS 5/2-209 because Defendants are corporations doing business within Illinois. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 and 5/2-102 as the defendants' registered office is in Cook County. The acts and omissions complained of took place in the State of Illinois. Moreover, while the claims are significant, the damages are under $5 million and therefore not subject to removal under the Cass action Fairness Act of 2005. Plaintiff and the class do not, for example, seek a full refund of the total purchase price of all Vitamin Water products sold in Illinois during the last four years.

## BACKGROUND FACTS

16. Defendants recognize the importance of marketing and labeling. Indeed, Defendant Coke acknowledged that obesity and other health concerns could reduce demand for some of its products and pose a risk to profits. Coke has further stated, in publicly filed documents with the United States Securities and Exchange Commission, that an increase in public awareness about sugar sweetened beverages could affect its profitability.

17. In fact, Vitamin Water does not name Coca-Cola anywhere on its packaging or labeling and pretends to be a dietary supplement even though it is not. The Vitamin Water labels

make claims about purported disease preventative benefits and otherwise make misleading statements in connection with its labeling, including but not limited to the following:

- Flavor names such as "Rescue" and "Defense";

- The name "Vitamin Water" itself;

- Statement that "this combination of zinc and fortifying vitamins can ... keep you healthy as a horse" on the label of Vitamin Water's "Defense";

- The statement "specially formulated to support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases, and vitamins necessary for the generation and utilization of energy from food" on the label of Vitamin Water's "Rescue" flavor;

- The statement "specially formulated to provide vitamin [A] (a nutrient known to be required for visual function), antioxidants and other nutrients [that] scientific evidence suggests may reduce the risk for age-related eye disease" on the label of Vitamin Water's "Focus" flavor;

- The statement "specially formulated with bioactive compounds that contribute to an active lifestyle by promoting healthy, pain free functioning of joints, structural integrating of joints and bones, and optimal generation and utilization of energy from food" on the label of Vitamin Water's "Balance" flavor;

- The statement "specially formulated with nutrients required for optimal functioning of the immune system, and the generation and utilization of

energy from food to support immune and other metabolic activities" on the label of Vitamin Water's "Defense" flavor;

- The statement "specially formulated with [B] vitamins and theanine. The [B] vitamins are there to replace those lost during times of stress (physical and mental). Theanine is an amino acid found naturally in tea leaves and has been shown to promote feelings of relaxation. This combination can help bring about a healthy state of physical and mental being" on the label of Vitamin Water's "B – Relaxed" flavor; and

- The statement "specially formulated with nutrients that enable the body to exert physical power by contributing to structural integrity of the musculoskeletal system, and by supporting optimal generation and utilization from food" on the label of Vitamin Water's "Power-C" flavor.

18. Vitamin Water attempts to create an appearance that it is different from sugary soft drinks and is in fact a good source of dietary supplements. This message is deceptive, misleading, false and unfair.

19. The FDA has promulgated a so-called "jelly bean" rule to ensure that an advertiser of sugar-based products would not be able to, for example, claim that jelly beans are good for the heart (even though they are low in fat and contain no cholesterol, and would otherwise meet the conditions for a "heart-healthy" claim). Vitamin Water (a sugar-based product) violates this rule because it achieves its nutritional content solely through fortification.

20.     Moreover, Defendants' claims that some flavors are "specially formulated to provide vitamin (A), antioxidants and other nutrients [that] scientific evidence suggest may reduce the risk of age-related eye disease" is also a violation of FDA regulations. *See, e.g.*, 21 C.F.R. 101.14(e) (noting that health claims about a product are disallowed if the product does not meet the minimum nutritional requirement).

21.     Defendants also mislead the public by using a name that includes some but not all ingredients. Specifically, it uses the words "vitamin" and "water," but leaves out its key ingredient: sugar.

22.     The FDA has recognized that such product names may mislead customers:

> The labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling.

21 C.F.R. § 101.18(b).

23.     The potential for confusion is heightened and compounded by the presence of the Defendants' other statements in the Vitamin Water's labeling, such as "vitamins + water equal all you need" and "vitamins + water equal what's in your hand" which have the potential, and indeed do, reinforce a consumer's mistaken belief that the product is comprised of only vitamins and water.

24.     Defendants have violated FDA regulations by making health claims about Vitamin Water even though it does not meet required minimum nutritional thresholds by using the word "healthy" in implied nutrient content claims even though Vitamin Water's fortification does not comply with FDA's policy, and by using a product name that references only two of

Vitamin Water's ingredients, omitting the fact that there is a key, unnamed ingredient in the product.

25. Defendants' labels are more than puffery and are not merely exaggerated claims of quality; rather, they describe the content of a food product in ways consumers might reasonably rely on in choosing to purchase Vitamin Water.

26. In sum, Defendants' labeling, marketing and advertising of Vitamin Water violates Illinois state law.

27. Defendants have profited at the expense and trust of public health and continue to reap millions through unfair, unlawful and fraudulent advertising and marketing.

28. Plaintiffs in the Class have suffered economic and non-economic damages as a consequence of Defendants' conduct.

## CLASS ALLEGATIONS

29. Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 on their own and on behalf of the class described below.

30. Plaintiffs seek certification of a Illinois consumer class defined as follows:

> All Illinois residents who purchased Vitamin Water at any time from December 2007 to present. Excluded from the Class are Defendants, and any entity in which any Defendant has controlling interest, and any officers or directors of the Defendant, the legal representatives, heirs, successors, and assigns of Defendants, and any judicial officer assigned to this matter and his or her immediate family.

31. Plaintiff is a member of the class he seeks to represent.

32. The Class consists of hundreds of thousands of individuals and is so numerous that joinder is impracticable.

33. Plaintiff's claims are typical of the claims of the Class because they are all members of the Class who challenge the same conduct of the Defendants; specifically, the unfair, unlawful and fraudulent advertising and marketing of Vitamin Water. Plaintiff and all members of the Class have sustained damages (purchase price) as a result of Defendants' common conduct towards them.

34. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including but not limited to the following:

- whether the Defendants used false and misleading statements in advertising Vitamin Water to the Plaintiff and the Class;

- whether the Defendants' marketing and advertising constitutes unfair, unlawful or fraudulent business practices;

- whether the Defendants' marketing, advertising and labeling of Vitamin Water constitutes false advertising;

- whether the Defendants' conduct unjustly enriched the Defendants at the expense of the Plaintiff and Class Members;

- whether injunctive relief should be imposed upon Defendants to prevent such conduct in the future;

- whether the Defendants' conduct constitutes an unfair and deceptive trade practice under the ICFA, 815 ILCS 505/2; and

- whether Defendants' conduct injured consumers and, if so, the extent of injury.

35. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no known claims which are antagonistic to those of the class. Plaintiff has retained competent and experienced counsel in complex consumer class actions. Counsel is committed to the vigorous prosecution of this action.

36. The prosecution of separate actions by the Plaintiff and the individual members of the Class against the Defendants would create a risk of inconsistent or varying adjudications on the combinations of law and fact related to this action.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

38. The expense and burden of litigation would substantially impair the ability of the members to pursue individual cases to protect their rights. In the absence of a class action, Defendants will retain the benefits of their wrongdoing.

39. Class certification is appropriate because the common issues of fact and law are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy. Moreover, the members of the Class are so numerous that joinder of each member is impracticable, the claims of the representative parties are typical of the claim of each member of the Class, and the representative parties can fairly and adequately protect and represent the interest of each member of the Class.

40. Defendants have acted and/or refused to act on grounds generally applicable to the Plaintiffs and the Class, thereby warranting appropriate injunctive and/or declaratory relief. The prosecution of separate claims by individual members of the Class would create a risk of

inconsistent or varying adjudication concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

### CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE ICFA

41. Plaintiff repeats and incorporates the allegations of the preceding paragraphs.

42. The purpose of ICFA is to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce. The business practices alleged above violate the ICFA in that it is the misbranding of food which suggests that its nutrient content may help consumers maintain healthy dietary practices when it is really a snack food that has been fortified to provide the claimed nutritional benefits. Moreover, Defendants' deceptively use the name for a food containing two or more ingredients which includes or suggests a name of one or more but not all such ingredients, even though it names all its ingredients elsewhere in labeling.

43. Plaintiff and the other members of the Class have suffered a substantial injury by virtue of buying Vitamin Water that they would not have purchased absent Defendants' unfair marketing, advertising, packaging and labeling or by paying an excessive premium price for the Defendants' products.

44. There is no benefit to consumers or competition by deceptively marketing, advertising, packaging and labeling unhealthy water beverages as healthy.

45. In fact, Defendant Coke was recently advised by the FDA that its fortification of another soft drink (Coke Plus) violated federal law against misbranding products because both

the name mischaracterizes the ingredients and because it was inappropriate to fortify snack foods. Defendants have misbranded its vitamin product suggesting that because of its nutrient content it may help customers maintain a healthy dietary practice when it is really a snack food loaded with sugar, which has been fortified to provide the claimed nutritional benefits in violation of FDA regulations. *See* 21 C.F.R. §§ 101.65(d)(1)(i) and 104.20.

46. Defendants marketing and advertising of Vitamin Water is unconscionable and constitutes unfair and deceptive methods of competition in violation of one or more of the following:

(a) The standards of unfairness and deception set forth and interpreted by the Illinois courts as set out in ICFA, 815 ILCS 505/2; and

(b) The law against unfair deceptive trade practices as incorporated into the ICFA, 815 ILCS 505/2.

47. Given the vast numbers of consumers who have purchased Vitamin Water, Plaintiff and the Class have been damaged and will be damaged in the future by the deceptive, undisclosed, unfair, confusing advertising, marketing and sale of Vitamin Water.

48. If left unchecked, Defendants' deceptive, unfair marketing and advertising methods are certain to damage the Plaintiff and the Class in the future. As a result, Plaintiff and the Class are entitled to an order enjoining such future conduct.

49. Defendants engaged in such conduct in the course of trade or commerce.

50. Defendants intended that Plaintiff and class members rely on the above described misrepresentations in order to profit from the sales of Vitamin Water.

51. Plaintiff and class members relied on these misrepresentations and were damaged when they purchased Vitamin Water in reliance on these misrepresentations.

52. Plaintiff is obligated to pay his attorneys for their services and is entitled to an award of fees pursuant to ICFA, 815 ILCS 505/10a.

## COUNT II
## UNJUST ENRICHMENT

53. Plaintiff repeats and incorporates the allegations of the preceding paragraphs.

54. Defendants have been unjustly enriched at the expense of Plaintiff and the Class.

55. To the detriment of Plaintiff and the member of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unfair, unlawful and/or unlawful marketing, advertising and sale of Vitamin Water.

56. Accordingly, Plaintiff and the members of the Class seek full disgorgement and restitution of the Defendants' enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

WHEREFORE, Plaintiff and the members of the Class request that upon a trial of this action, judgment be entered for:

(1) An order certifying the proposed Class and appointing Plaintiff and their undersigned counsel of record to represent the Class;

(2) For and order requiring Defendants to notify each affected Class member and the general public of the wrongful conduct to which they have been subjected;

(3) For declaratory judgment and permanent injunctive relief;

(4) Actual and punitive damages;

(5) Attorney's fees, litigation expenses and costs of suit;

(6) Such other and further relief as the Court deems proper.

Respectfully submitted, this       day of December, 2010.

                           /s/

Keith J. Keogh
Ainat Margalit
KEOGH LAW, LTD.
101 N. Wacker Dr., Ste. 605
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)

Aashish Y. Desai (California Bar No. 187394)
(*Pro hac Vice* to be filed)
Email: desai@mocalaw.com
Mower Carreon & Desai LLP
8001 Irvine Center Drive, Suite 1450
Irvine, California 92618
949.474.3004
949.474.9001 (fax)

Scott J. Ferrell, Esq.
Email: sferrell@trialnewport.com
NEWPORT TRIAL GROUP
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660
949.717.3000
949.717.3100 (fax)

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class request trial by jury as to all claims so triable.

_/s/ Keith J. Keogh_

Keith J. Keogh
Ainat Margalit
KEOGH LAW, LTD.
101 N. Wacker Dr., Ste. 605
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)


Aashish Y. Desai (California Bar No. 187394)
(*Pro hac Vice* to be filed)
Email: desai@mocalaw.com
Mower Carreon & Desai LLP
8001 Irvine Center Drive, Suite 1450
Irvine, California 92618
949.474.3004
949.474.9001 (fax)

Scott J. Ferrell, Esq.
Email: sferrell@trialnewport.com
NEWPORT TRIAL GROUP
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660
949.717.3000
949.717.3100 (fax)

# EXHIBIT B

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (8/01/08) C |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

No. 10CH53205

Ahmed Khaleel

(Name all parties)

v.

The Coca-Cola Company and Energy Brands, Inc (dba Glaceau)

## SUMMONS

To each Defendant: Coca-Cola Company, c/o CT Corporation System 208 S LaSalle St, Suite 804, Chciago IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 31042

Name: Keogh Law, Ltd.

Atty. for: Ahmed Khaleel

Address: 101 North Wacker Drive, Suite 605

City/State/Zip: Chicago, Illinois 60606

Telephone: (312) 726-1092

WITNESS, _____

DOROTHY BROWN DEC 16 2010

Clerk of Court

Date of service: _____,_____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

### ● CT Corporation

**Service of Process Transmittal**
12/22/2010
CT Log Number 517782151

**TO:** Michael McQueeney, Associate General Counsel, Litigation
The Coca-Cola Company
One Coca-Cola Plaza
Atlanta, GA 30313-

**RE:** Process Served in Illinois

**FOR:** The Coca-Cola Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ahmed Khaleel, individually and on behalf of those similarly situated, Pltf. vs. The Coca-Cola Company and Energy Brands, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Complaint, Jury Demand |
| **COURT/AGENCY:** | Cook County Circuit Court, County Department, Chancery Division, IL<br>Case # 10CH53205 |
| **NATURE OF ACTION:** | Class Action - Violations of the ICFA - Unjust Enrichment - Dft.'s Vitamin Water product attempts to create an apperance that it is different from sugary soft drinks and is in fact a good source of dietary supplements, the message is deceptive, misleading, false and unfair - Seeking declaratory judgment and permanent injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/22/2010 at 11:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Keith J. Keogh<br>Keogh Law, Ltd.<br>101 N. Wacker Dr.<br>Ste. 605<br>Chicago, IL 60606<br>312-726-1092 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/22/2010, Expected Purge Date: 12/27/2010<br>Telephone, Michael McQueeney, 404-676-3012<br>Image SOP<br>Email Notification, Nancy Quattrocchi nquattrocchi@na.ko.com<br>Email Notification, Michael McQueeney mmcqueeney@na.ko.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.